UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SAMANTHA WERHEISER, f/k/a Samantha Stone,

                      Plaintiff,          3:22-cv-0073 (MAD/TWD)

v.

THOMAS JACKSON, et al.,

                      Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HALE & MONICO, LLC<br>Counsel for Plaintiff | ARTHUR G. LARKIN, ESQ. |
| KENNEY SHELTON LIPTAK NOWAK, LLP<br>Counsel for Defendant City of Binghamton | SHANNON T. O'CONNOR, ESQ. |
| COUGHLIN & GERHART, LLP<br>Counsel for Defendants Peters, Woody, and Demer | ALAN J. POPE, ESQ. |
| BROOME COUNTY ATTORNEY'S OFFICE<br>Counsel for Defendant Jackson | CHERYL D. SULLIVAN, ESQ. |

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER

Presently before the Court in this civil rights action, is Plaintiff's letter motion outlining a discovery dispute and requesting a discovery conference with the Court to discuss the dispute. Dkt. Nos. 218 (redacted letter) and 224 (sealed unredacted letter). Defendants oppose the letter motion. Dkt. Nos. 226, 227. Oral argument was conducted in connection with the letter motion on July 29, 2025. At the close of argument, the Court issued a bench decision in which the Court denied the letter motion, but directed Defendants to serve a privilege log. In the bench

1

decision, I provided further detail regarding my reasoning and addressed the specific issues raised by the parties in the motion papers.

The Court also discussed other remaining fact discovery, the status of mediation, and the pending discovery deadlines. The Court made further rulings regarding these other discovery matters and extended the current discovery schedule. To be clear, the fact discovery deadline is extended for purposes of deposing non-party J. Haase (which the Court is permitting to be done in conjunction with his deposition in a New York State civil case involving J. Haase, assuming it will be done in accordance with the revised deadlines), the supplemental deposition of defendant Carl Peters, issues pertaining to the outstanding subpoena duces tecum served on non-parties K. Haase and CW-1 after their depositions, the outstanding subpoena served on CW-2 who did not appear for her deposition per the subpoena, and follow-up, if any, needed on the training materials recently served by Defendant City of Binghamton.

After due deliberation, and based up the Court's oral bench decision, which has been transcribed, is attached to this Order and is incorporated in its entirety by reference herein, it is accordingly hereby,

**ORDERED** that Plaintiff's letter motion, Dkt. Nos. 218, 224, is denied. However, Defendants are to provide a privilege log for any documents withheld by 8/5/2025; and it is further

**ORDERED** that the remaining discovery deadlines reset as follows: remaining fact discovery only as permitted by the Court due 9/15/2025; Plaintiff's expert disclosure due 10/20/2025; Defendants' expert disclosure due 11/20/2025; rebuttal expert disclosure due

12/5/2025; expert discovery including expert depositions and all discovery due 1/9/2026; expert discovery motions due 1/16/2025; dispositive motions due 2/20/2025; and the mandatory mediation deadline is adjourned and mediation is deferred; and it is further

**ORDERED** that Plaintiff is to file a status report by 8/7/2025 regarding any update on the subpoenas served on the non-party witnesses K. Haase and CW-1, the supplemental deposition of Defendant Carl Peters, and any issues regarding the recently served training materials; and it is further

**ORDERED** that Plaintiff is to file an additional status report by 8/15/2025 regarding the deposition scheduling of J. Haase; Defendants Peters, Woody, and Demer are to file a status report by 8/15/2025 on the subpoena for CW-2.

**IT IS SO ORDERED.**

Dated: July 30, 2025
Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------x
SAMANTHA WERKHEISER, formerly
known as Samantha Stone,

                                Plaintiff,

vs.                             3:22-CV-00073

THOMAS JACKSON, CITY OF BINGHAMTON,
CARL PETERS, CHARLES WOODY,
APRIL DEMER,

                                Defendants.
---------------------------------------x
```

Transcript of a **Decision** from a Discovery Conference held on July 29, 2025, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE THÉRÈSE WILEY DANCKS, United States Magistrate Judge, Presiding.

*Jodi L. Hibbard, RMR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

```
                         A P P E A R A N C E S

For Plaintiff:           HALE & MONICO LLC
                         Attorneys at Law
                         250 Park Avenue - 7th Floor
                         New York, New York  10177
                           BY:  ARTHUR LARKIN, ESQ.

For Defendant:           BROOME COUNTY ATTORNEY'S OFFICE
(Jackson)                Broome County Office Building
                         60 Hawley Street
                         P.O. Box 1766
                         Binghamton, New York  13902-1766
                           BY:  CHERYL D. SULLIVAN, ESQ.

For Defendant:           KENNEY SHELTON LIPTAK NOWAK LLP
(City of                 Attorneys at Law
 Binghamton)             233 Franklin Street - Suite 2
                         Buffalo, New York  14202
                           BY:  SHANNON T. O'CONNOR, ESQ.

For Defendants:          COUGHLIN GERHART LAW FIRM
(Peters, Woody,          Attorneys at Law
 Demer)                  P.O. Box 2039
                         99 Corporate Drive
                         Binghamton, New York  13902-2039
                           BY:  ALAN J. POPE, ESQ.
```

```
 1                    (The following is an excerpt from proceedings
 2                         held on 7/29/25.)
 3              THE COURT:  Before the Court are letter briefs
 4    concerning yet another discovery dispute among the parties.
 5              The Court has reviewed Docket Number 224 which is
 6    plaintiff's sealed letter request for this conference and it
 7    sets forth plaintiff's arguments about the discovery at
 8    issue, and the Court has also reviewed defendants' letter
 9    briefs in response which are Docket Numbers 226 and 227.
10              The plaintiff makes two requests for discovery
11    which are disputed.  In the first request, plaintiff asks
12    defendants to produce all communications between defendants
13    and four nonparty witnesses and/or between counsel for
14    defendants and these nonparty witnesses or their counsel.
15    Defendants object to the production of such documents and
16    communications, arguing that the information seeks attorney
17    work product and materials related to litigation strategy and
18    processes and thus are privileged communications.
19              With regard to request number 1, the court agrees
20    with defendants for the following reasons.  The plaintiff
21    argues defendant Jackson waived any objection since he did
22    not respond to the supplemental demands.  Plaintiff also
23    asserts that defendants Woody, Peters, Demer, and the City,
24    who did respond but asserted privileges, did not provide a
25    privilege log and have therefore waived any objections.
```

1  Plaintiff also asserts that a waiver has occurred for any
2  information disclosed to these nonparties since they do not
3  share a common interest in the litigation.
4        Because these two supplemental disputed requests
5  were served after two of the nonparties were deposed, the
6  Court presumes, and plaintiff has clarified for me today,
7  that he's seeking communications from 2025 regarding the
8  subject four nonparty witnesses.  Two of these witnesses
9  appeared pursuant to subpoenas.  The other two nonparties
10 were also recently subpoenaed, but one of them did not appear
11 for her deposition and the other deposition is scheduled but
12 it's unclear whether he's going to appear and whether or not
13 the subpoena has been served on him at this time, because of
14 the issues with the Tennessee court.
15       But counsel for defendants indicate that they did
16 not meet with the two nonparty witnesses who have been
17 deposed prior to their depositions -- excuse me, strike that.
18 Counsel for defendants indicate that they did meet with the
19 two nonparty witnesses who have been deposed prior to their
20 depositions and served them with the subpoenas at that
21 meeting.  Attorney Pope indicates discussions generally
22 involved scheduling communications and the subpoenas.  No
23 other communications occurred except Attorney Pope had one
24 substantive email communication with the attorney for the two
25 nonparty witnesses who have been deposed already.  Attorney

1   Pope claims the email is privileged because it was marked
2   privileged, it was between the attorney for the nonparty
3   witnesses and him and Attorney O'Connor was copied on it and
4   it therefore constitutes attorney work product.  Attorney
5   Pope argues the communication with the witnesses' attorneys
6   did not amount to a waiver of the work product privilege
7   since it was between attorneys, no clients of the attorneys
8   were copied, and all expected the communication to be
9   protected.
10           Attorney O'Connor indicated that she did not have
11  any substantive communications with counsel for the witnesses
12  or the witnesses themselves.  And she argues plaintiff's
13  counsel had an opportunity and indeed did question the
14  witnesses at their depositions about communications they had
15  with counsel for defendants before the depositions and
16  plaintiff has acknowledged that today.
17           As I noted -- well, defendant Jackson, Jackson's
18  attorney has not submitted any letter briefing and she also
19  basically indicated that today.
20           The Court doesn't find any waiver of the privilege
21  being asserted since counsel repeatedly, through emails and
22  other communications with plaintiff, raised the privilege
23  issues after the supplemental demands were served.  The Court
24  also finds the communications by counsel with nonparties
25  and/or their attorneys is akin to a party's investigation

1   into the facts and circumstances that may support or refute
2   claims and defenses and therefore are indeed work product.
3           Additionally, a review of the record shows counsel
4   for plaintiff has not detailed the substantial need for the
5   information, nor has he shown that he cannot obtain the
6   equivalent of the materials any other way to overcome the
7   claimed work product privilege.  Thus, I'm finding that the
8   disputed communications do not need to be produced.
9           However, turning to the issue of a privilege log,
10  defendants broadly assert that producing a privilege log
11  could give opposing counsel a glimpse of their litigation
12  strategy and thus no privilege log should be required.  The
13  court disagrees with this broad and unsupported assertion.  A
14  sufficient privilege log could be provided that would not
15  give away any work product information.  Therefore, the court
16  also finds that counsel for defendants should produce a
17  privilege log for the communications that fall under the
18  privileges being asserted.  The privilege log should be
19  produced by August 5th of 2025.  That's this Friday -- no,
20  that's -- it's not this Friday, it's next week, it's a week
21  from today.
22          In the second request, plaintiff seeks
23  communications between defendants or their counsel and any
24  third party, including the State Division of Criminal Justice
25  Services, regarding training records which defendants have

1   already produced.  Defendants argue they don't have to
2   disclose their communications with their clients on how they
3   went about obtaining these documents or their notes detailing
4   how they tracked down the information.  And I do agree with
5   that and I think the plaintiff has conceded he agrees with
6   that as well.
7           The defendants also assert that plaintiff can
8   obtain training information directly from the third-party
9   training providers by subpoenaing them.  The defense,
10  Attorney O'Connor has indicated that she will provide
11  certifications from the persons or entities that created the
12  training materials and she'll do that by August 8th of 2025.
13          I do want to make clear that the defendants do not
14  have to produce any communications and notes that they made
15  about obtaining these records because those are also akin to
16  a party's investigation in furtherance of litigation and thus
17  are work product.  No further disclosure is required other
18  than Ms. O'Connor producing the certifications, as she's
19  indicated she will do by August 8th.  So, but nothing else is
20  required regarding the training records or how the defendants
21  obtained those records.  However, a privilege log similar to
22  what I'm directing be produced by August 5th should also
23  include information about the privilege being asserted for
24  these documents.
25          So that's my directive there, that's the Court's

1  decision on this discovery dispute concerning plaintiff's two
2  supplemental demands and it will be transcribed and attached
3  to the order which I'll put on the docket as soon as possible
4  should anyone wish to appeal this order.
5              (Whereupon the proceedings continued.)

```
 1              CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4        I, JODI L. HIBBARD, RMR, CRR, CSR, Federal
 5   Official Realtime Court Reporter, in and for the
 6   United States District Court for the Northern
 7   District of New York, DO HEREBY CERTIFY that
 8   pursuant to Section 753, Title 28, United States
 9   Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                   Dated this 29th day of July, 2025.
17
18
19                   /S/ JODI L. HIBBARD
20                   JODI L. HIBBARD, RMR, CRR, CSR
                     Official U.S. Court Reporter
21
22
23
24
25
```