UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SAMANTHA WERHEISER, f/k/a Samantha Stone,

                          Plaintiff,                3:22-cv-0073 (MAD/TWD)

v.

THOMAS JACKSON, et al.,

                          Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HALE & MONICO, LLC<br>Counsel for Plaintiff | ARTHUR G. LARKIN, ESQ. |
| KENNEY SHELTON LIPTAK NOWAK, LLP<br>Counsel for Defendant City of Binghamton | SHANNON T. O'CONNOR, ESQ. |
| COUGHLIN & GERHART, LLP<br>Counsel for Defendants Peters, Woody, and Demer | ALAN J. POPE, ESQ. |
| BROOME COUNTY ATTORNEY'S OFFICE<br>Counsel for Defendant Jackson | CHERYL D. SULLIVAN, ESQ. |

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER

Presently before the Court in this civil rights action is Defendant City of Binghamton's Motion for Reconsideration, Dkt. No. 154, of this Court's prior discovery Order, Dkt. No. 147. Plaintiff opposes the Motion. Dkt. No. 162. Brief oral argument was conducted in connection with the Motion on July 29, 2025. At the close of argument, the Court issued a bench decision in which the Court denied the Motion. In the bench decision, the Court provided further detail regarding its reasoning and addressed the specific issues raised by the parties in their submission.

1

After due deliberation, and based up the Court's oral bench decision, which has been transcribed, is attached to this Order and is incorporated in its entirety by reference herein, it is accordingly hereby,

**ORDERED** that Defendant City of Binghamton's Motion for Reconsideration, Dkt. No. 154 is denied in its entirety.

**IT IS SO ORDERED.**

Dated: July 30, 2025
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------x
SAMANTHA WERKHEISER, formerly
known as Samantha Stone,

                              Plaintiff,

vs.                           3:22-CV-00073

THOMAS JACKSON, CITY OF BINGHAMTON,
CARL PETERS, CHARLES WOODY,
APRIL DEMER,

                              Defendants.
-----------------------------------------x
```

Transcript of a **Decision** from a Discovery Conference held on July 29, 2025, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE THÉRÈSE WILEY DANCKS, United States Magistrate Judge, Presiding.

*Jodi L. Hibbard, RMR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

```
                    A P P E A R A N C E S

  For Plaintiff:        HALE & MONICO LLC
                        Attorneys at Law
                        250 Park Avenue - 7th Floor
                        New York, New York  10177
                          BY:  ARTHUR LARKIN, ESQ.

  For Defendant:        BROOME COUNTY ATTORNEY'S OFFICE
  (Jackson)             Broome County Office Building
                        60 Hawley Street
                        P.O. Box 1766
                        Binghamton, New York  13902-1766
                          BY:  CHERYL D. SULLIVAN, ESQ.

  For Defendant:        KENNEY SHELTON LIPTAK NOWAK LLP
  (City of              Attorneys at Law
   Binghamton)          233 Franklin Street - Suite 2
                        Buffalo, New York  14202
                          BY:  SHANNON T. O'CONNOR, ESQ.

  For Defendants:       COUGHLIN GERHART LAW FIRM
  (Peters, Woody,       Attorneys at Law
   Demer)               P.O. Box 2039
                        99 Corporate Drive
                        Binghamton, New York  13902-2039
                          BY:  ALAN J. POPE, ESQ.
```

1          (The following is an excerpt from proceedings
2                    held on 7/29/25.)
3          THE COURT:  So now the Court will address the
4    City's motion for reconsideration that is fully briefed and
5    pending on the docket at Docket Number 154 which the Court
6    has reviewed.  The Court has also reviewed plaintiff's
7    response in opposition at Docket Number 162.  The order at
8    issue which defendants seek to have the court reconsider is
9    found at Docket Number 147.  That order denied defendant's
10   motion for discovery of plaintiff's medical records based
11   upon her claim for damages for garden variety emotional
12   distress.
13          Defendants seek reconsideration because that order
14   only addressed mental health records and the psychotherapist
15   privilege narrowly applies to specific records regarding
16   confidential communications made to licensed psychiatrists,
17   psychologists, and social workers during psychotherapy.  They
18   argue the court did not consider records that were not those
19   of such licensed mental health professionals.
20          Plaintiff argues that reconsideration is not
21   warranted because defendants have not met the standard for
22   reconsideration and they have not shown plaintiff waived her
23   right to privacy in her other medical records and/or
24   non-mental health medical records.  Thus plaintiff argues
25   defendants are not entitled to further information on her

1  medical history, and for the following reasons, the court
2  agrees with the plaintiff.
3         The standard for reconsideration is strict.  In
4  this district the Court may grant a motion for
5  reconsideration where there has been a change in controlling
6  law, new evidence not previously available comes to light, or
7  in order to correct clear error of law or prevent manifest
8  injustice.  These situations are just not present here, and
9  thus defendants have not met the strict threshold requirement
10 for granting a motion for reconsideration.
11        The movants argue that controlling law establishes
12 that the psychotherapist privilege narrowly applies to
13 records of the specific providers as I've listed; that is
14 psychiatrists, psychologists, or social workers providing
15 psychotherapy care, and therefore they should be entitled to
16 all other medical records of the plaintiff.
17        However, the underlying decision at Docket Number
18 147 shows the Court did not overlook any controlling law, nor
19 have defendants shown any change in controlling law after the
20 underlying decision was issued.  Defendants have not
21 proffered any new evidence.  The movant has also failed to
22 show any clear error of law on the part of the Court and they
23 have not shown any manifest injustice resulting from the
24 Court's prior order.
25        In the underlying dispute, the defendants sought

1    the medical health treatment records indicating that
2    authorizations for the records were necessary to address
3    plaintiff's claims for emotional distress and damages for
4    loss of liberty which involves an evaluation of alleged
5    emotional distress.  And that's in Docket 104.
6           However, a review of plaintiff's complaint shows
7    that she seeks damages for loss of income, business
8    destruction, attorney's fees for her defense of the
9    underlying criminal charges, and for her wrongful
10   incarceration.  In other discovery responses she elaborated
11   on those claimed damages but none of her claimed damages
12   involve damages for any physical injury, and as determined in
13   the underlying order, she seeks garden variety emotional
14   damages claims.
15           Since the plaintiff does not seek damages for any
16   physical injury, she has not put her entire medical condition
17   at issue in this lawsuit, and therefore, her other medical
18   records are not relevant.  And notably, in the underlying
19   decision at Docket Number 147, this Court also held that
20   plaintiff's mental health records are not relevant to her
21   claims of garden variety emotional distress related to her
22   alleged wrongful incarceration.  Moreover, plaintiff's claims
23   of wrongful incarceration do not mean that she has waived her
24   privacy rights in all other medical information by seeking
25   general damages for that alleged wrongful incarceration.

1    The defendant has also not established that
2    plaintiff waived her medical privacy rights in some other
3    fashion or that other medical records are relevant to
4    plaintiff's claimed damages.  Thus, they are not otherwise
5    discoverable.
6    Accordingly, the Court finds the moving defendant
7    has not shown the Court overlooked facts or controlling law,
8    nor has there been any showing of a change in controlling
9    law, and likewise, no new evidence not previously available
10   has come to light and the defendant has not shown any clear
11   error of law or manifest injustice.  And moreover, as I've
12   already stated, the records sought are not relevant to the
13   damages alleged.  As such, the defendant City's motion for
14   reconsideration at Docket Number 154 is denied.
15           (Whereupon the proceedings continued.)

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4       I, JODI L. HIBBARD, RMR, CRR, CSR, Federal
 5   Official Realtime Court Reporter, in and for the
 6   United States District Court for the Northern
 7   District of New York, DO HEREBY CERTIFY that
 8   pursuant to Section 753, Title 28, United States
 9   Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                   Dated this 29th day of July, 2025.
17
18
19                        /S/ JODI L. HIBBARD
20                        JODI L. HIBBARD, RMR, CRR, CSR
                          Official U.S. Court Reporter
21
22
23
24
25
```