UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAMANTHA WERKHEISER, f/k/a Samantha Stone,

                                Plaintiff,                3:22-cv-0073 (MAD/TWD)

v.

COUNTY OF BROOME, et al.,

                                Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HALE & MONICO, LLC<br>Counsel for Plaintiff | ARTHUR G. LARKIN, ESQ. |
| KENNEY, SHELTON, LIPTAK, NOWAK, LLP<br>Counsel for Defendant City of Binghamton | SHANNON T. O'CONNOR, ESQ. |
| COUGHLIN & GERHART, LLP<br>Counsel for Defendants Peters, Woody, and Demer | ALAN J. POPE, ESQ. |
| BROOME COUNTY ATTORNEY'S OFFICE<br>Counsel for Defendant Jackson | CHERYL D. SULLIVAN, ESQ. |

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## DECISION and ORDER

      Presently before the Court in this civil rights action is Plaintiff's motion, Dkt. No. 238, for reconsideration of the Court's Order, Dkt. No. 228, which denied Plaintiff's motion for discovery seeking production of documents regarding all communications between defendants and four non-party witnesses and/or between counsel for defendants and these non-party witnesses or their counsel. Defendants City of Binghamton ("City") and the individual defendants, Peters, Woody, and Demer, oppose the motion for reconsideration. Dkt. Nos. 245,

246, and 249.[1]     Defendant Jackson has not submitted any response to this motion.

Local Rule 60.1 provides that a party may file a motion for reconsideration within fourteen days from the date a judgment, order, or decree is entered.  N.D.N.Y. L.R. 60.1.  The standards governing motions for reconsideration are necessarily strict to prevent litigants from rehashing the same issues that have already been considered by the district court in the prior ruling.  *Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022) (quoting *Analytical Survs. Inc. v. Tonga Partners L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[S]uch a motion 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]'")).

In this circuit, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *DG N.Y. CS, LLC v. Norbut Solar Farm, LLC*, 2024 WL 476540, at *1 (N.D.N.Y. Feb. 7, 2024) (quoting *Delany v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995)).

Measured against this standard, Plaintiff's motion for reconsideration is denied.  Plaintiff does not suggest there has been an intervening change in controlling law, nor has she argued that reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice. Rather, Plaintiff argues that a privilege log served by Defendants as directed in the prior discovery Order at issue, Dkt. No. 228, constitutes new evidence warranting reconsideration. Dkt. No. 238-2 at 12.[2]  Plaintiff argues the privilege log served after the Court's Order, Dkt. No.

---

1     The Declaration of City Attorney O'Connor at Dkt. No. 246 is unsigned.  A signed copy of the same Declaration is resubmitted at Dkt. No. 249, which the Court accepts.
2     Page references to documents identified by Docket number refer to the page numbers inserted automatically by CM/ECF, the Court's electronic filing system maintained by the Clerk's Office.

228, regarding an email sent to the non-party witnesses' counsel provides additional information showing that counsel for Defendants shared an outline with counsel for the non-party witnesses on the day one of the non-party witnesses was deposed.  *Id.* at 11.  Plaintiff argues this new information shows the "communications constitute a deliberate, affirmative and selective disclosure of claimed work product, in order to assist in counsel's questioning of the witnesses at deposition and potentially at trial."  *Id.*  Plaintiff then reiterates her arguments regarding the attorney work-product privilege and why that does not apply to the information in dispute.  *Id.* at 13-16.  Plaintiff further appears to argue that counsel for the Defendants coached or influenced the non-party witnesses regarding their testimony and thus the documents must be disclosed.  *Id.*

      The Court finds these arguments unavailing because Plaintiff's motion is merely an attempt to relitigate the issues decided in the prior Order.  The so-called "new information disclosed in defendants' privilege log," Dkt. No. 238-2 at 15, does not change the Court's review since the issues were already litigated in the prior motion.  Counsel for Plaintiff has not shown any substantial need for the information to overcome the claimed privilege since he has not shown that he was not able to obtain information about any claimed coaching of the non-party witnesses.  Counsel for Plaintiff acknowledged during argument on the prior motion that led to the Order sought to be reconsidered that he questioned the non-party witnesses about conversations they had with counsel for Defendants and about information or documents they may have received from such counsel.  Dkt. No. 246-1 at 12.  The non-party witnesses were questioned by Defendants' counsel *and* Plaintiff's counsel about their discussions with counsel for Defendants and Defendants themselves before their depositions and about what they

3

reviewed before testifying.  Dkt. No. 246-3 at 9-11, 13-17, 20-24, 26-27; Dkt. No. 246-4 at 3-6, 8-11.  The non-party witnesses answered the questions posed and were not directed not to answer the questions by their counsel or any other counsel.  Additionally, counsel for the non-party witnesses also submitted a Declaration indicating counsel for Defendants did not provide documents to the non-party witnesses before their depositions, nor did Defendants' counsel participate in any deposition preparation meetings with the non-party witnesses.  Dkt. No. 246-2 at 3.  Therefore, the motion for reconsideration is denied because the high bar for reconsideration has not been met under the circumstances presented.

    **ACCORDINGLY**, it is

    **ORDERED** that Plaintiff's motion for reconsideration, Dkt. No. 238, is **DENIED**.

**SO ORDERED.**

Dated: February 6, 2026
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge