UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAMANTHA WERKHEISER, f/k/a Samantha Stone,

                        Plaintiff,            3:22-cv-0073 (MAD/TWD)

v.

COUNTY OF BROOME, et al.,

                        Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HALE & MONICO, LLC<br>Counsel for Plaintiff | ARTHUR G. LARKIN, ESQ. |
| KENNEY, SHELTON, LIPTAK, NOWAK, LLP<br>Counsel for Defendant City of Binghamton | SHANNON T. O'CONNOR, ESQ. |
| COUGHLIN & GERHART, LLP<br>Counsel for Defendants Peters, Woody, and Demer | ALAN J. POPE, ESQ. |
| BROOME COUNTY ATTORNEY'S OFFICE<br>Counsel for Defendant Jackson | CHERYL D. SULLIVAN, ESQ. |
| LAW OFFICES OF ROBIN ZIMPEL, PLLC<br>Counsel for Non-Party Witnesses K. Haase,<br>J. Haase, CW-1, and CW-2 | ROBIN ZIMPEL, ESQ. |

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## DECISION and ORDER

**I.    BACKGROUND**

      Presently before the Court in this civil rights action is Plaintiff's motion to compel discovery consisting of a Declaration, the unredacted copy of which is 1020 pages including exhibits, and a Memorandum of Law. Dkt. No. 256. Individual Defendants Peters, Woody, and Demer oppose the motion to compel and move for a protective order. Dkt. No. 265.

Likewise, Defendant City of Binghamton ("City") opposes the motion and seeks a protective order. Dkt. No. 266. Counsel for the non-party witnesses who are the subjects of the motion to compel also filed an opposition to the motion. Dkt. No. 269. Plaintiff submitted a second Declaration consisting of 518 pages including exhibits, and a 35-page Memorandum of Law in opposition to the motions for a protective order and in further support of her motion to compel. Dkt. No. 275.[1] Defendants Peters, Woody, Demer, and the City filed replies with prior permission from the Court, *see* Dkt. No. 283, in further support of their motions for protective orders. Dkt. Nos. 287, 288. Defendant Jackson has not submitted any papers regarding these motions. *See generally* Docket. For the following reasons, the motions are granted, in part, and denied, in part.

## II.    LEGAL STANDARDS

Rule 26(b) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Information is relevant if: "(a) it has any tendency to make a fact more or less probable

---

[1] The Court notes Plaintiff's Memorandum of Law at Dkt. No. 275 is oversized and, per N.D.N.Y. Local Rule 7.1(b), Plaintiff did not obtain permission from the Court prior to submitting the oversized brief. Nevertheless, the Court has considered it. However, any future filings that do not comport with the N.D.N.Y. Local Rules will be summarily stricken from the Docket.

than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial. "'[I]t is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself.'" *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 13 Civ. 1654 (RA)(HBP), 2014 WL 5420225, at *7 (S.D.N.Y. Oct. 24, 2014) (Pitman, M.J.) (brackets in original) (quoting *Arch Assocs., Inc. v. HuAmerica Int'l, Inc.*, 93 Civ. 2168 (PKL), 1994 WL 30487, at *1 (S.D.N.Y. Jan. 28, 1994) (Leisure, D.J.); *see Degulis v. LXR Biotechnology, Inc.*, 176 F.R.D. 123, 125 (S.D.N.Y. 1997) (Sweet, D.J.); *Quaker Chair Corp. v. Litton Bus. Sys., Inc.*, 71 F.R.D. 527, 530-31 (S.D.N.Y. 1976) (Motley, D.J.)).

Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, the rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information. Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment. The burden of demonstrating relevance remains on the party seeking discovery, and the rule "does not place on the party seeking discovery the burden of addressing all proportionality considerations." *Id.*

The advisory committee's notes to Rule 26 further explain that "[a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's

3

responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

Rule 26(c) of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). This Rule provides various protections that may be included in a protective order such as denying the discovery altogether, specifying terms for the disclosure, prescribing a discovery method which may not be the same as the moving party requests, forbidding certain inquiries or limiting the scope of the discovery sought, and designating the people who may be present while the discovery is conducted. *Id.* at Rule 26(c)(1)(A), (B), (C), (D), and (E).

### III. DISCUSSION

The factual background of this matter is set forth at length in District Court Judge Mae A. D'Agostino's Decision and Order dated February 9, 2023, and will not be repeated here. *See generally* Dkt. No. 30. Briefly, the events at issue underlying Plaintiff's claims involve a criminal investigation and prosecution of Plaintiff occurring in 2011 and 2012. The individual Defendants participated in that investigation and prosecution. Following motions to dismiss made by the Defendants, the remaining substantive causes of action against the Defendants include malicious prosecution and denial of a fair trial against Defendants Jackson, Peters, Woody, and Demers; failure to intervene against Peters, Woody, and Demers; and a *Monell* claim against the Defendant City. *See id.*

Plaintiff's motion is primarily directed at non-party witnesses Kristy Haase ("K. Haase"),

Jason Haase ("J. Haase"), and CW-1. *See generally* Dkt. No. 256. The identity of CW-1 is known to the parties, but the individual is an alleged sexual assault survivor who claims to have been sexually abused by the Plaintiff. The current Protective Order, Dkt. No. 62, provides that the identity of this individual shall be kept confidential.[2] The three non-parties, K. Haase, CW-1, and J. Haase were deposed pursuant to subpoenas on June 19, 2025, June 24, 2025, and September 5, 2025, respectively. *See* Dkt. No. 256-1 at ¶¶ 56, 83, 133.[3] Plaintiff claims these non-parties wrongfully refused to answer certain questions at their depositions at the coaching of their counsel and the Defendants' counsel, and she seeks to compel each of them to appear for a second deposition. Dkt. No. 256-1 at ¶ 1. Plaintiff also seeks to compel non-party witnesses K. Haase and CW-1 to produce certain documents pursuant to a subpoena previously served on them. *Id.* Plaintiff's motion also seeks sanctions, and attorney's fees and costs incurred in making the motion. *Id.*

Defendants and the non-party witnesses assert that Plaintiff's counsel was, among other grievances, verbally abusive toward the non-party witnesses during their respective depositions, and therefore Plaintiff should not be allowed to further depose the witnesses. *See generally* Dkt. Nos. 265, 266, 269, 287, 288. Moreover, they argue the majority of the information sought from the non-party witnesses is not relevant to the remaining claims. *Id.*

Regarding the subpoenas for documents from non-party witnesses K. Haase and CW-1, *see* Dkt. No. 256-1 at ¶¶ 115-32; *see also* Dkt. No. 256-2 at 7-10, Plaintiff seeks phone records

---

[2] Another individual, CW-2, whose identity is likewise known to the parties, is also an alleged sexual assault survivor who claims to have been sexually abused by the Plaintiff. That individual's identity is also subject to the Protective Order. Dkt. No. 62.
[3] Paragraph numbers are used where documents identified by the docket number in CM/ECF, the Court's electronic filing system, contain consecutively numbered paragraphs. Page references to documents identified by the docket number are to the page numbers assigned by CM/ECF.

for cell phones currently used by K. Haase, CW-1, and CW-2. *Id.*; *see also* Dkt. No. 256-2 at 7-9. She also seeks documents for those non-party witnesses' cell phones used during the time period of April 1, 2019, through June 30, 2019. *Id.*; *see also* Dkt. No. 256-2 at 9-10. Plaintiff claims the current records are relevant because non-party witnesses K. Haase and CW-1 refused to provide the current contact information for CW-2, Dkt. No. 256-2 at 7, and the records are relevant to determine if K. Haase and CW-1 are pressuring CW-2 not to testify in this case. Dkt. No. 256-2 at 8. Plaintiff claims the records from April to June of 2019 are relevant because those records will show communications between non-parties K. Haase, CW-1, and CW-2 at the time it is alleged that CW-2 was visiting and reconciling with Plaintiff and allegedly recanted her claim that Plaintiff sexually abused her. Dkt. No. 256-2 at 9. Plaintiff claims K. Haase and CW-1 threatened to ostracize CW-2 from the family at that time and the records are needed to determine what communications transpired between these non-parties. *Id.*

Defendants and counsel for the non-parties oppose the request arguing the Plaintiff has contact information for CW-2 and the communications between these non-parties including from 2019 are not relevant to the pending claims against the Defendants whose conduct at issue occurred in 2011 and 2012. Dkt. No. 266-14 at 30; Dkt. No. 265-2 at ¶ 23; Dkt. No. 269 at ¶¶ 26-32.

The Court agrees with Defendants and finds the information sought by the subpoenas is not pertinent to the pending claims since those communications occurred well after the relevant time period of the underlying investigation and prosecution of Plaintiff that gave rise to the claims against the Defendants. In other words, those communications are not of consequence in determining whether the actions of the Defendants violated Plaintiff's constitutional rights as

6

alleged in this action. Fed. R. Evid. 401. The requested records sought from these non-parties are also not proportional to the needs of the case and invade the privacy of non-party witnesses. Fed. R. Civ. P. 26(b)(1). Accordingly, the non-party witnesses do not need to respond to the subpoenas at issue.

Turning to the request to re-depose non-parties K. Haase, CW-1, and J. Haase, the Court finds a further limited deposition of K. Haase on the topic identified below is warranted. No further deposition of CW-1 is permitted because the unanswered questions posed to this non-party witness are not relevant to the claims against the Defendants whose actions in question occurred in 2011 and 2012. No further oral deposition of J. Haase is warranted for the same reasons. However, the Court will permit a limited deposition by written questions posed to the non-party J. Haase pursuant to Rule 31 of the Federal Rules of Civil Procedure as set forth below. The vast majority of the discovery sought by Plaintiff in her request to re-depose the non-party witnesses, whose counsel is pro bono, is not relevant nor important to resolving the claims asserted against the Defendants, and the burden on the non-parties outweighs any likely benefit. Fed. R. Civ. P. 26(b).

First, the Court must point out that the behavior at these depositions of Counsel for Plaintiff, Counsel for Defendants Demers, Woody, Peters, and the City, and Counsel for the non-party witnesses was shocking, reprehensible, uncivil, and blatantly and purposely antagonistic beyond the pale. Many of the questions and the behavior of Counsel for Plaintiff amounted to unnecessary harassment and intimidation of the non-party witnesses. The behavior of Counsel for the Defendants and the non-party witnesses bordered on being obstructive at certain instances, and the numerous speaking objections were improper. As such, the supplemental

limited depositions of K. Haase permitted by this Order must be conducted at the Federal Courthouse in Syracuse at a time when the Court is available to be called upon to mediate any disputes that may arise. The scheduling of this deposition must be coordinated with the Court to ensure the Court's availability and to ensure there is a location available for the deposition. If counsel, including K. Haase's counsel, cannot conduct this limited supplemental deposition at the Federal Courthouse in Syracuse, then they must conduct this limited deposition by video in the presence of a Special Master of the Court's choosing. Payment for the Special Master will be borne equally amongst Counsel for the parties (25% for each counsel). Neither the non-party witness nor her counsel will be required to contribute anything toward the expense of the Special Master.

Again, Counsel are also cautioned that speaking objections are not permitted. Fed. R. Civ. P. 30(c)(2). Counsel for Plaintiff is cautioned that sarcasm and laughter directed toward the witness will not be tolerated, nor will mocking of the witness' answers or interrupting the witness' answers. All counsel are warned that they should be on their best professional behavior at this supplemental deposition and, to put it bluntly, they are not to be obnoxious to each other or to the witness. Because the behavior of all counsel was extremely unprofessional at the prior depositions of the non-parties, the Court will not award sanctions, fees, or costs to any party and any requests in that regard are summarily denied.

As to the topics of inquiry permitted and the length of any continuing deposition for the non-party K. Haase, the deposition shall be for one hour only by Plaintiff's counsel, and follow up questions, if any, by Defendants' counsel or the witness' counsel shall not exceed one hour collectively. The only permitted topic of inquiry shall be the text messages between K. Haase

and CW-2 which were disclosed after the first deposition of K. Haase. No other topic of inquiry is permitted. While the spousal privilege asserted by Counsel for non-party witness K. Haase may not apply regarding communications between K. Haase and J. Haase because they were separated after March of 2021, the Court need not reach that issue since any such communications are not relevant to the claims asserted by Plaintiff against the Defendants. Again, the claims in this case center on the individual Defendants' investigation and prosecution of Plaintiff at issue which occurred in 2011 and 2012. Likewise, the communications do not involve any defenses raised by the Defendants.

As to any supplemental deposition by written questions of non-party J. Haase, the only topic of inquiry permitted shall be questions about any criminal convictions he may have on his record, whether arising out of interactions with Plaintiff or otherwise. These questions may only involve the date(s) of conviction, the crime(s) of conviction, and the length of any term of incarceration for any such conviction(s). As with K. Haase, questions about discussions J. Haase may have had with K. Haase after March of 2021 are not relevant to the claims or defenses. Likewise, no questions about any other civil or criminal cases involving Plaintiff or her wife, Julie Werkheiser, are permitted. Again, such inquiries are not relevant to the claims or defenses asserted in this case. No questions about J. Haase's social media activities are permitted since they are also not relevant to the claims and defenses in this case which, again, involve allegations of wrongdoing on the part of the individual Defendants that allegedly occurred during their investigation and prosecution of Plaintiff in 2011 and 2012. Defendants may also pose written deposition questions to J. Haase on the topic permitted. Any further deposition of J. Haase by written questions permitted herein must proceed in accordance with

9

Rule 31 of the Federal Rules of Civil Procedure and as directed herein.

Finally, all Counsel are to be more careful about redacting the names of CW-1 and CW-2 for documents filed on the public docket. All parties have submitted documents on the public docket which contain the names of CW-1 and CW-2. Moreover, while the Court has permitted sealing of entire documents thus far, the wholesale redacting and/or sealing of entire documents is improper. Thus, the parties should not redact entire documents nor request sealing of entire documents such as depositions or prior testimony of witnesses or parties in other proceedings even if the parties have designated such documents or information as confidential under any relevant Protective Order. *See, e.g.*, Dkt. No. 62. The parties may request specific redaction or sealing of personal information or any other information, but the requests should be narrowly tailored and limited. The reason(s) for the request to seal or file redacted documents must be specific and a detailed good cause reason for such request must always be asserted. Additionally, the Docket is not intended to serve as a repository for the parties' discovery documents.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion, Dkt. No. 256, to compel discovery is **GRANTED** in part and **DENIED** in part as set forth above; and it is further

**ORDERED** that Defendants' motions, Dkt. Nos. 265 and 266, for a protective order are **GRANTED** in part and **DENIED** in part as set forth above; and it is further

**ORDERED** that the parties and non-parties are to complete the discovery permitted by this Decision and Order in the manner set forth above; and it is further

**ORDERED** that the supplemental deposition of the non-party witnesses K. Haase as

permitted by this Decision and Order shall be completed by 3/6/2026; and it is further

    **ORDERED** that Plaintiff must serve the written questions for non-party J. Haase permitted herein on all counsel including counsel for J. Haase by 2/13/2026; any written questions from other parties must be served on all other counsel including counsel for non-party J. Haase by 2/20/2026; and non-party J. Haase must respond to all questions by 3/6/2026. No other re-direct or cross questions are permitted; and it is further

    **ORDERED** that the parties' various requests for sanctions and costs are **DENIED**; and it is further

    **ORDERED** that the Clerk is directed to file, under seal behind Dkt. No. 256, the unredacted Declaration with exhibits and Memorandum of Law filed via MFT by Attorney Larkin on 9/19/2025; and it is further

    **ORDERED** that the Clerk is directed to file, under seal behind Dkt. No. 265, exhibit 5 to the Declaration of Attorney Pope filed via MFT on 10/15/2025; and it is further

    **ORDERED** that the Clerk is directed to file under seal behind Dkt. No. 275 the unredacted Declaration with exhibits and Memorandum of Law filed via MFT by Attorney Larkin on 10/31/2025.

**SO ORDERED.**

Dated: February 6, 2026
       Syracuse, New York

                                            Thérèse Wiley Dancks
                                            United States Magistrate Judge